IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
MAY SESSION, 1997

FILED

November 6, 1997

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,        )
                           )    No. 01C01-9604-CC-00151
       Appellee            )
                           )    DICKSON COUNTY
vs.                        )
                           )    Hon. LEONARD W. MARTIN, Judge
DOROTHY SHELDON,           )
                           )    (Forgery)
       Appellant           )

DISSENTING OPINION

The majority concludes that venue was proper in Dickson County. I respectfully disagree. In finding venue in Dickson County, the majority, relying upon Girdley v. State, 29 S.W.2d 255 (Tenn. 1930), employs an agency theory to establish the appellant's constructive presence in Dickson County. I am unable to agree with the majority's rational for two reasons. First, in Girdley, the defendant was charged with the offense of uttering or attempting to pass a forged check. Had the appellant in this case been charged with uttering or passing a forged writing, I would agree that venue would have been proper in Dickson County. See Tenn. Code Ann. § 39-14-114(b)(1)(D). However, as reflected by the indictment, the State chose to indict the appellant in Dickson County for forgery. Tenn. Code Ann. § 39-14-114(b)(1)(A).[1]

Second, it is undisputed that the appellant's act of forging the signature of another occurred in Humphreys County. Thus, in order to establish venue in Dickson County, it was incumbent upon the State to encompass the conduct of the innocent agent. Criminal responsibility for the conduct of another is governed by the provisions of the 1989 Criminal Code. Girdley was decided in 1930. Under our current code, a person is criminally liable for his own unlawful conduct, the conduct

---

[1] The indictment in relevant part charges that Dorothy Sheldon "did forge and make . . . a certain paper writing, to-wit: a Retail Installment Contract and Security Agreement . . ."

of another for which he is responsible, or both. Tenn. Code Ann. § 39-11-401. Tenn. Code Ann. § 39-11-402(1) provides that a person is criminally responsible for an offense committed by the conduct of another, if the person "causes or aids an innocent or irresponsible person to engage in unlawful conduct." In other words, a person is "accountable for the behavior of an innocent or irresponsible person when he has caused such behavior to occur, provided he has caused it with the purpose, knowledge, recklessness, or negligence that the law requires for commission of the crime with which he has been charged," regardless of whether or not such other person is capable of forming the culpable mental state. MODEL PENAL CODE, § 2.06. Thus, under this theory of criminal responsibility, venue could have been established in Dickson County as the appellant knowingly caused the innocent clerk to prepare the credit application with the intent to defraud.[2] This theory, however, was neither relied upon by the State nor charged to the jury by the trial court. Although an indictment need not allege "the theory by which the state seeks to hold the defendant responsible for the criminal act," the trial court has a duty, even without a request, to give a complete charge of the applicable law to the facts of the case including instructing the jury as to the theories of both the prosecution and defense. State v. Stoddard, 909 S.W.2d 454, 460 (Tenn. Crim. App. 1994) (citations omitted); State v. Locke, 771 S.W.2d 132, 138 (Tenn. Crim. App. 1988) (citation omitted). In sum, because no theory of criminal liability connects the appellant's conduct in Humphreys County to conduct in Dickson County, I find no element of the charged offense occurring in the latter venue.

For the foregoing reasons, I would dismiss, finding the evidence insufficient to establish venue in Dickson County.

_____
DAVID G. HAYES, Judge

_____

[2]If one or more elements of an offense are committed in one county and one or more elements in another, the offense may be prosecuted in either county. Tenn. Code Ann. § 39-11-103(d).

2